UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ROBERT FRIEDMAN,

                Plaintiff,

   -against-

LANCE WINSLOW, CONEY ISLAND HOSPITAL, AND
JOANNE ABRAMS,

                Defendants.
------------------------------------------------------------------------x

ORDER

No. 23-CV-4324-EK-JRC

JAMES R. CHO, United States Magistrate Judge:

By Order dated June 14, 2023, this Court granted the motion of *pro se* plaintiff Robert Friedman to proceed *in forma pauperis* and directed the United States Marshals Service ("USMS") to serve the Summons and Complaint upon three defendants, without prepayment of fees. *See* Dkt. 4.

As to **defendant Joanne Abrams**, the first "Process Receipt and Return" filed by the USMS indicates that a waiver of service was mailed to Abrams' "usual place of abode." *See* Dkt. 26. However, it appears that the waiver was sent to the location of St. Vincent's Behavioral Health Center. *See* Dkt. 28. Defendant Abrams did not return the acknowledgment of service. By Order dated July 22, 2024, this Court found that Abrams had not been properly served by mail and directed the USMS to attempt to serve her personally at the address provided by plaintiff. *See* Dkt. 42. However, the USMS was unable to serve process on Abrams at that location because Abrams had not worked there for "2-3 years." *See* Dkt. 48.

Accordingly, on October 7, 2024, this Court directed plaintiff to provide an accurate address for service on defendant Abrams. *See* Dkt. 49. Plaintiff subsequently provided a residential address for service, and the Court directed the USMS to attempt service at that address. *See* Dkts. 51, 53. However, the USMS's attempt at personal delivery at that address was unsuccessful. The "Process Receipt and Return" filed by the USMS states that the Marshal spoke to the building superintendent, who informed him that defendant Abrams "does not live there." Dkt. 63.

As plaintiff was previously advised: "Although *pro se* litigants proceeding *in forma pauperis* . . .

may enlist the help of the United States Marshals Service to effect service under Rule 4, these litigants are, for obvious reasons, still responsible for providing the Marshals Service with accurate information to enable proper service." *Castro v. Cusack*, No. 15-CV-6714, 2019 WL 3385218, at *5 (E.D.N.Y. July 26, 2019). "[T]he Court cannot investigate the whereabouts of a defendant." *Amaya v. Intercounty Paving Assocs. LLC*, No. 19-CV-4645, 2024 WL 1530690, at *4 (E.D.N.Y. Feb. 1, 2024). Accordingly, a plaintiff proceeding *in forma pauperis* must provide the Court with an accurate address for service of process in order for the Court to effectuate service on plaintiff's behalf by the USMS. *See id.*; *Castro*, 2019 WL 3385218, at *5 (dismissing *pro se* complaint for failure to provide proper addresses to USMS for service).

By **July 23, 2025**, plaintiff shall file a letter providing an accurate address for service on defendant Joanne Abrams. Upon receipt of the requested information, the Clerk shall reissue the summons for defendant Abrams and forward the documents necessary for service to the USMS.[1]

In the alternative, plaintiff shall advise the Court whether he wishes to discontinue the action against defendant Abrams.

The Clerk's Office is directed to mail a copy of this Order to the plaintiff.

**SO ORDERED**

Dated: Brooklyn, New York
June 23, 2025

s/ James R. Cho
James R. Cho
United States Magistrate Judge

---

[1] Failure to provide a proper service address for defendant Abrams may result in a recommendation that the Court dismiss the claims against her. *See Amaya*, 2024 WL 1530690, at *4.